John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiffs


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MARITZA CLEMENTE-COX both individually and doing business as WWW.TOUCH-OF-EBONY.COM; UNKNOWN WEBSITES 1-10; "JOHN DOES" 1-10; and UNKNOWN ENTITIES 1-10, <br><br>  Defendants. | **CASE NO.** <br><br> **AFFIDAVIT OF TIFFANY WALDEN IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED; EXPEDITED DISCOVERY ORDER; ASSET RESTRAINING ORDER; AND AN ORDER TEMPORARILY SEALING THE COURT FILE.** |

TIFFANY WALDEN, hereby declares under penalty of perjury:

1.      I am an active member of the bar of the State of New York and Counsel with Coach, Inc.    This affirmation is submitted in support of Coach, Inc. and Coach Services, Inc.'s (herein collectively referred to as "Coach's") *ex parte* application for a temporary restraining order; order to show cause why a preliminary injunction should not be issued; expedited discovery order; and an order temporarily sealing the court file against defendant Maritza Clemente-Cox, both individually and doing business as www.touch-of-ebony.com; Unknown Websites 1-10; "John Does" 1-10; and Unknown Entities 1-10 (hereinafter collectively referred to as "Defendants").

2.      The facts set forth in this affidavit are known personally by me to be true or are based upon a diligent review of the books and records of Coach and if called upon as a witness, I could and would competently testify thereto.

3.      My responsibilities as Counsel include the supervision of the intellectual property protection and enforcement program on a national basis.  My duties include the coordination of field investigations, review of evidence obtained and overseeing intellectual property infringement actions including actions against counterfeiters.

4.      Defendants are being sued as a result of their sale, offers for sale, distribution, promotion and advertisement of merchandise bearing counterfeits and infringements of Coach's federally registered trademarks over the Internet.

5.      Coach is, in part, engaged in the business of manufacturing and distributing throughout the world, of high quality merchandise including, but not limited to, high quality handbags, wallets, jewelry, watches, shoes, eyewear, and fragrances among other goods and accessories, under the federally registered trademarks including, but not limited to, COACH and the various "COACH logo" trademarks.

6.      Coach was founded in 1941 as a family-run workshop. In a Manhattan loft, six artisans handcrafted a collection of leather goods using skills handed down from generation to generation.  Discerning consumers soon began to seek out the quality and unique nature of Coach craftsmanship. Now greatly expanded, Coach continues to maintain the highest standards for materials and workmanship. Coach's exceptional work force remains committed to carefully upholding the principles of quality and integrity that define the company.

7.      Coach is a preeminent designer which is known not only in the United States but throughout the entire world with global sales in the multi-millions.

8.      Coach Services, Inc. is the owner of all of plaintiffs' United States federal trademark registrations. Coach Services, Inc. has adopted and is the owner of over forty-five (45) trademarks which are protected by United States Federal Trademark Registrations.   True and correct copies of the trademarks at issue are attached to the Complaint as **Exhibit 1** (collectively referred to as the "Coach Registered Trademarks").

9.      The Coach Registered Trademarks are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law.   The Coach Registered Trademarks are associated with Coach in the minds of consumers, the public and the trade.

10.     Coach has used the Coach Registered Trademarks for many years on and in connection with Coach merchandise.   The Coach Registered Trademarks identify high quality products originating with Coach.

11.     Based upon Coach's extensive advertising, sales and the wide popularity of Coach's products, the Coach Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as originating with Coach.

12.     Because of Coach's exclusive and extensive use of the Coach Registered Trademarks, the marks have acquired enormous value and have become extremely well known to the consuming public and trade as identifying and distinguishing Coach exclusively and uniquely as the source of products available under the Coach Registered Trademarks.

13.     Coach has gone to great lengths to protect its name and enforce the Coach Registered Trademarks.

14.     On or about February 2011, Coach discovered the website touch-of-ebony.com (the "Website"), which is being used to promote and offer for sale handbags bearing counterfeits and

infringements of the Coach Registered Trademarks. Representative samples of the Website are attached hereto as **Exhibit 2**. The products distributed by Defendants are explicitly indentified as "Coach" and bear counterfeits of Coach's trademarks.

15.     Coach's counsel conducted a "Whois" search to determine the name and contact information for the Website's registrant. The search revealed that the Website was registered by "Maritza Clemente-Cox, 15303 West Charter Oak Road, Surprise, AZ 85379". The administrative and technical contacts were both listed as "Clemente-Cox, Maritza" at the same address as indicated above with the following contact information: touchofe@cox.net and phone number (623) 418-8097. A copy of the results of the "Whois" search is attached hereto as **Exhibit 3**.

16.     Upon information, belief and investigation, the "15303 West Charter Oak Road, Surprise, AZ 85379" address was once the home address of defendant Clemente-Cox.

17.     On or about February 2, 2011, Coach's agent purchased one (1) handbag from the Website for $70.95 via PayPal. The confirmation of payment listed "Touch of Ebony" and the e-mail address "touchofe@cox.net" under Merchant Information. See Affidavit of Benjamin Kwapisz (hereinafter referred to as Kwapisz Aff.) at ¶4 and Exh.1.

18.     On or about February 7, 2011, Coach's agent received a package containing a handbag bearing counterfeits of the Coach Registered Trademarks (the "Counterfeit Bag"). Included in the bag was a receipt issued from the e-mail address touchofe@cox.net. See Kwapisz Aff. at ¶5.

19.     I have examined this handbag and determined that none of its parts are of genuine Coach origin. The bag contains numerous counterfeits and infringements of the Coach Registered Trademarks and is of very poor quality.

20.    As I have experienced, the only way for Coach to obtain proper relief against counterfeiters is on an *ex parte* basis. If notice was given to Defendants, they would likely conceal and/or destroy all illegal inventory and records relating to its purchase and sales. Further, Defendants are likely to secrete and conceal all income related to such illegal sales therefore Coach would never fully learn the scope of Defendants unauthorized activities.

21.    Coach has pursued multiple legal actions upon counterfeiters and has gone to great lengths to protect its name and enforce its trademarks. The harm to Coach is great. Coach's goodwill is being preyed upon by those selling poor quality merchandise and making exorbitant profits. Defendants are being unjustly enriched from their use of the Coach Registered Trademarks.

22.    Such unauthorized activity undercuts and threatens to destroy the market for authorized merchandise. Coach spends substantial sums and resources advertising and promoting its products.  Defendants benefit from Coach's marketing efforts but distribute merchandise bearing counterfeits of the Coach Registered Trademarks.  Coach is suffering severe and irreparable injury because of the distribution of merchandise bearing counterfeits of the Coach Registered Trademarks.

23.    Wherefore, it is respectfully requested that Coach's motion be granted.

Dated: March 2, 2011

_____
Tiffany Walden

Sworn to me this 2nd day
of March, 2011

_____
Notary Public

DAYANARA Y. PEREZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PE6204366
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES APRIL 20, 2013